ORDERED.

Dated:  March 03, 2017

_____
Jerry A. Funk
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                                                                  Case No.: 3: 16-bk-1694-JAF

DONALD E. TINSETH,                                                    Chapter 7

   Debtor.
_____/

### **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This case came before the Court upon Trustee's Objection to Debtor's Claim of Exemptions (Doc. No. 14).  Following a trial held on February 8, 2017, the Court makes the following Findings of Fact and Conclusions of Law.

### **Findings of Fact**

On May 4, 2016, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.  On that same day, Gordon P. Jones was appointed Trustee (the "Trustee").  On July 11, 2016, the Trustee filed the Objection to Debtor's Claim of Exemptions.  On November 16, 2016, a preliminary hearing was held at which time the case was set for trial on February 8, 2017.

On July 17, 2009, the Debtor purchased his residence located at 111 Floridian Club Road, Welaka, Florida (Debtor's Exhibit No. 2), later transferring it to himself and his daughter on October 18, 2010 (Trustee's Exhibit No. 3). The Debtor lives in the home with his daughter. The Debtor's grandson lives in a 12' x 16' shed, which was converted to living quarters, behind the Debtor's home.

On May 19, 2014, the Debtor purchased real property located at 113 Floridian Club Road, Welaka, Florida (the "113 Property") so that his daughter would have a place to live (Debtor's Exhibit No. 7).

On May 31, 2016, the Debtor reaffirmed the debt related to 111 Floridian Club Road, Welaka, Florida (Debtor's Exhibit No. 12). On June 1, 2016, the Debtor reaffirmed the debt related to the 113 Property (Debtor's Exhibit No. 13).

The debtor's granddaughter lives at the 113 Property with her two (2) small children. She is 24 years old and has no disability. She testified that she agreed to make the mortgage payments and pay the utilities. In exchange her grandfather, the Debtor, would deed the 113 Property to her upon satisfaction of the mortgage. However, she also testified that until recently she made few payments to her grandfather. In the last 3 or 4 months she has paid her grandfather approximately $600.00 per month, which covers the mortgage and utilities. She testified that she is not working but is a full time mother. Her former boyfriend, the father of her two children, pays her the $600.00 per month which she turns over to her grandfather so that he can pay the mortgage and utilities, both of which are in his name (Debtor's Exhibit 8). The Debtor's Schedule I (Debtor's Exhibit 14) lists rent from both his grandson and his granddaughter. The Debtor testified that his

grandson has paid virtually nothing but was expected to pay $600.00 toward the costs of the family compound.

The Debtor testified that he has a part time job at H&R Block, which runs from January through the middle of April each year.[1] During 2016 the Debtor earned approximately $8,500.00 from H & R Block (Debtor's Exhibit 16). The Debtor's only income includes the wages received from H&R Block, Social Security (Debtor's Exhibit 15), and whatever he receives from his granddaughter and grandson. The Debtor testified that he formerly received income from his daughter who at one time received disability. However, her disability was terminated and she has no income at this time.

The Debtor also testified that he included the payments he received from his granddaughter on the 113 Property on his federal income tax returns so he could depreciate the home. However, he discovered that the payments made by his granddaughter did not qualify as rent, and he amended his 2014 and 2015 tax returns, resulting in an increase in his income tax liability for those years (Debtor's Exhibit 11).

The Trustee testified that he believes the Debtor only amended his tax returns to avoid the Trustee's claim that the funds the Debtor received from his granddaughter belong to the estate. The Court finds that the Debtor's testimony was very credible and that he amended his tax returns because he discovered that the rent claim was improper. In addition, the Debtor's granddaughter testified that she expects to receive a deed to the home once the mortgage is paid.

The real estate, which includes the residence and adjacent real estate, is on less than one acre, is located outside the city limits of Welaka, and is owned by the Debtor,

---

[1] The Debtor has worked part time at H&R Block for 12 years.

although through separate deeds. The Debtor claimed all of the property as exempt on his Schedule C as his homestead pursuant to Art. X, Sec. 4, Fla. Const. (Debtor's Exhibit 1).

### Conclusions of Law

The issue before the Court is whether the Debtor may claim a homestead exemption in the 113 Property, which is contiguous to his residence located at 111 Floridian Club Road, Welaka, Florida, and is located outside the city limits on less than 160 acres. The Court dealt with the issue in In re Earnest, Case No. 3:08-bk-4408-JAF (Bankr. M.D. Fla. Mar. 26, 2009). In that case, the debtors owned 4.82 acres, which included the debtors' residence, a warehouse, and a separate commercial building, all located outside the city limits. The commercial building was rented to an unrelated third party and the warehouse was used for the debtors' business, a corporate entity. The trustee objected to the debtors' claim of exemption in the property, asserting that the portion containing the warehouse and commercial building was not exempt because it was used in a commercial capacity. Relying on the binding precedent set forth in Davis v. Davis, 864 So. 2d 458, 460 (Fla. 1st D.C.A. 2003), the Court found that the language in article X, § 4 of the Florida Constitution limiting homesteads within municipalities to the residence of the owner or the owner's family does not apply to homesteads located outside municipalities. The Court held that the debtors' commercial use and rental to a third party of the building and warehouse did not preclude them from claiming the entirety of the real property as exempt. The Court overruled the trustee's objection to exemption.

The holding in <u>Earnest</u> is applicable here.  The Court finds that the payments which the Debtor receives from his granddaughter, whether they are classified as rent or something else, are used to pay the mortgage on the property.  The Debtor's receipt of the payments does not preclude him from claiming the 113 Property as exempt pursuant to article X, § 4 of the Florida Constitution.[1]  Even assuming that the payments received from the Debtor's granddaughter and grandson are rent, they are exempt from the Trustee's reach.  <u>See</u> <u>In re Oullette</u>, Case No. 3:08-bk-3203-JAF (Bankr. M.D. Fla. Mar. 26, 2009).

## **Conclusion**

The Trustee's Objection to Debtor's Claim of Exemptions in the property located at 113 Floridian Club Road, Welaka, Florida is overruled.  To the extent the Trustee is claiming any right or interest in payments made to the Debtor by his granddaughter and grandson for the maintenance of the joint homestead property, such property is exempt from the Trustee's reach.  A separate order consistent with these Findings of Fact and Conclusions of Law was entered on February 15, 2017 (Doc. 45).

Robert Altman is directed to serve a copy of these Findings of Fact and Conclusions of Law on interested parties and file a proof of service within three days of their entry.

---

[1] The Court is aware of <u>In re Fowler</u>, 2016 WL 1444195 (Bankr. M.D. Fla. Apr. 12, 2016) (holding that debtor could not claim as exempt second contiguous parcel in which debtor's adult daughter resided). However, that case dealt with two parcels of property located inside the city limits and is therefore distinguishable from the instant case.